**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARIA ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>Defendant. | Case No. 1:26-cv-08717<br><br>ANSWER |

## I.C. SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, I.C. System, Inc. ("ICS"), and for its Answer to the Complaint of Plaintiff Maria Ortiz ("Plaintiff"), states as follows:

## NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

3. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. 111. 2008).

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 et seq.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

6. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other comt of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § l 692k(d). (emphasis added).

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

## JURISDICTION AND VENUE

7. Jurisdiction over Defendants is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS admits, based upon the face of the pleadings and information available to ICS at this time, that this Court has jurisdiction over this case. ICS reserves the right to change its position on jurisdiction if information is obtained during the course of the case which calls the same into question.

8. Defendants collect debts from consumers in Illinois and have registered agents in Illinois.

**RESPONSE:** To the extent this paragraph uses the terms “debt” and “consumers” interchangeably with the manner in which those terms are defined by the FDCPA and other laws, this paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS admits it is engaged in the business of collecting outstanding financial obligations, admits it collects such accounts from persons in Illinois, admits it has registered agents in Illinois, and denies the remaining allegations of this paragraph not specifically admitted.

9. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendants regularly do business in this County. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act1, 15 U.S.C. § 1692 et seq. ("FDCPA") by the Defendants and its agents in their illegal cff01ts to collect a consumer debt from Plaintiff.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS admits it does business in this County, and admits, based upon the face of the pleadings and information available to ICS at this time, that this Court is the proper venue for this Action. ICS reserves the right to change its position on venue if information is obtained during the course of the case which calls the same into question.

**PARTIES**

10. Plaintiff MARIA ORTIZ ("Plaintiff') is a resident of the State of Illinois from whom the Defendant attempted to collect a delinquent consumer debt. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**RESPONSE:** ICS lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

11. Defendant IC SYSTEMS, INC. ("Defendant"), is a debt collector that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

**RESPONSE:** To the extent this paragraph uses the terms “debt collector,” “debt collection,” “debts,” and “consumers” interchangeably with the manner in which those terms are defined by the FDCPA and other laws, this paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS admits it is engaged in the business of collecting outstanding financial obligations, admits it collects such accounts from persons in

Illinois, admits it has registered agents in Illinois, and denies the remaining allegations of this paragraph not specifically admitted.[1]

12. Defendant acts as debt collector as defined by § 1692a(6) of the FDCPA because Defendant uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

13. Defendant also acts as debt collectors as defined by § 1692a(6) of the FDCPA as Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

14. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries arc inadequate to protect consumers.

[1] The Complaint frequently uses legal terms of art similar to those in this paragraph. The absence of this "legal conclusion" disclaimer in any of ICS's responses, below, should not be read to admit Plaintiff's legal conclusions, nor to admit that the facts alleged meet the definitions of the terms used.

(c) Means other than mis1·epresentation or other abusive debt collection practices are available fo1· the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices arc purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

15. Plaintiff incurred two financial obligations (the "Debts" or the "Accounts") originally owed to Banfield Pet Hospital (the "Original Creditor"').

**RESPONSE:** ICS admits Plaintiff incurred two financial obligations to the Original Creditor.

16. The Debts were incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**RESPONSE:** ICS lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

17. The Original Creditor alleged that Plaintiff failed to pay the Debts and placed the Debts in default.

**RESPONSE:** This paragraph, including, but not limited to, its use of the term “default,” states a legal conclusion to which no response is required. To the extent a response is necessary, ICS admits the account at issue in this case was not paid, and denies the remaining allegations of this paragraph.

18. After the Debts defaulted, the Original Creditor retained the services of Defendant to aid it in collection of the Debts.

**RESPONSE:** This paragraph, including, but not limited to, its use of the term "default," states a legal conclusion to which no response is required. To the extent a response is necessary, ICS admits it was retained to collect the outstanding account, and denies the remaining allegations of this paragraph.

19. Defendant is considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

20. The primary and principal business of Defendant is to collect allegedly defaulted debts.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

21. After Defendant was retained, it engaged in collection activities to attempt to collect the Debts, including communicating information regarding the Debts to the credit reporting agencies (the "CRAs").

**RESPONSE:** ICS admits it engaged in efforts to collect the outstanding account. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph not specifically admitted.

22. On March 23, 2026, Plaintiff sent a letter (the "Dispute Letter") to Defendant.

**RESPONSE:** ICS lacks sufficient information to admit or deny the truth of the allegations of this paragraph, and therefore denies the same.

23. ln the Dispute Letter, Plaintiff clearly instructed Defendant that all debts it claimed to have on Plaintiff were disputed.

**RESPONSE:** The letter referenced here speaks for itself. ICS admits any allegations consistent with the contents of that letter, and denies any and all allegations not consistent with the same, and denies the remaining allegations of this paragraph not specifically admitted.

24. Defendant received Plaintiff's Dispute Letter via Certified Mail on March 30, 2026.

**RESPONSE:** ICS admits it received a letter from Plaintiff dated March 23, 2026.

25. Defendant understood the Dispute Letter to be disputing Plaintiff's Accounts placed with Defendant.

**RESPONSE:** That letter referenced here speaks for itself. ICS admits any allegations consistent with the contents of that letter, and denies any and all allegations not consistent with the same, and denies the remaining allegations of this paragraph not specifically admitted.

26. After processing the Dispute Letter, Defendant updated its reporting of the Account with Transunion and Experian without communicating that Plaintiff disputed the Debts.

**RESPONSE:** This paragraph—specifically, but not limited to, whether some correspondence constitutes a valid "dispute" under the FDCPA—states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

27. On May 10, 2026, Defendant updated its reporting of Plaintiff's Accounts with Transunion without communicating that Plaintiff disputed the Debts.

**RESPONSE:** ICS admits it updated its reporting on May 10, 2026. Whether Plaintiff's correspondence constitutes a valid "dispute" under the FDCPA states a legal conclusion to which

no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph not specifically admitted.

28. Plaintiff's May 19, 2026 Transunion report reflects that on May 10, 2026, Defendant reported a "Remark" on Plaintiff's Accounts stating that the Debts were ">PLACED FOR COLLECTION<"

**RESPONSE:** ICS lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

29. On May 17, 2026, Defendant updated its reporting of Plaintiff's Accounts with Experian without communicating that Plaintiff disputed the Debts.

**RESPONSE:** ICS admits it updated its reporting on May 17, 2026. Whether Plaintiff's correspondence constitutes a valid "dispute" under the FDCPA states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph not specifically admitted.

30. Plaintiff's May 19, 2026 Equifax Report reflects that on May 17, 2026, Defendant reported a comment on each of Plaintiff's Accounts stating, "Collection Account. [amount] past due as of May 2026."

**RESPONSE:** ICS lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

31. 15 U.S.C. § 1692e(8) of the FDCPA provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

32. Defendant violated 15 U.S.C. § 1692e(8) when it updated Plaintiff's Accounts with Transunion and Experian without communicating that Plaintiff disputed the Debts.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

33. All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA as alleged below in the Count.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

34. The conduct of the Defendant has proximately caused Plaintiff damages.

**RESPONSE:** ICS denies any acts or omissions of ICS caused any injury to Plaintiff.

35. Defendant has defamed Plaintiff by Defendant reporting credit information to the credit reporting agencies it knew to be false or misleading.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

36. Defendant has defamed Plaintiff by reporting credit information to the credit reporting agencies without noting that Plaintiff disputed the debt.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

37. The credit reporting agencies understood the nature of the defamation statement through inclusion of the defamatory statement in Plaintiffs credit profile.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

38. Between the delivery of the Dispute Letter and the date of the filing of this Complaint, at least JPMorgan Chase Bank NA, Capital One, Best Egg and Heights Finance Group have accessed Plaintiffs credit profile with a "hard pull."

**RESPONSE:** ICS lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

39. These potential creditors accessed Plaintiff's credit profile which contained false information from Defendant.

**RESPONSE:** ICS lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

40. In each instance, Plaintiff was denied credit, in part, based on the derogatory information communicated by Defendant.

**RESPONSE:** ICS lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

41. Plaintiff has been forced to retain counsel to file suit against Defendant in an attempt to remediate and correct Defendant's failure to follow the law.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

**COUNT I**
**15 U.S.C. § 1692 *ET SEQ*.**

42. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

**RESPONSE:** ICS repeats and incorporates by reference, here, all statements and denials stated in previous paragraphs as if fully set out herein.

43. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA when it communicated credit information regarding Plaintiff to Transunion and Experian without communicating that Plaintiff disputed the Alleged Debt.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

44. All of the above-described actions and omissions by Defendant and collection agents of Defendant were made in violation of the FDCPA (and Regulation F) with respect to Plaintiff.

**RESPONSE:** This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies the allegations of this paragraph.

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages and reasonable attorney's fees and costs from Defendant.

RESPONSE: This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, ICS denies it violated the law, denies Plaintiff was injured by any act or omission of ICS, and denies the remaining allegations of this paragraph.

**RELIEF SOUGHT**

[UNNUMBERED PARAGRAPH BEGINNING WITH "WHEREFORE"] [TEXT OF PRAYER FOR RELIEF OMITTED FROM ANSWER]

**RESPONSE:** This paragraph and its subparts are a prayer for relief to which no response is required. To the extent a response is necessary, ICS denies the conduct alleged, denies Plaintiff was harmed or is entitled to any damages, and denies the remaining allegations of this paragraph and its subparts.

## AFFIRMATIVE DEFENSES

I. To the extent a violation of the law occurred, which is expressly denied, such violation was the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

II. Plaintiff fails to state a claim upon which relief may be granted.

III. To the extent Plaintiff was injured, which is expressly denied, Plaintiff's injuries were caused by acts or omissions of Plaintiff or some party other than ICS.

IV. To the extent Plaintiff was injured, which is expressly denied, Plaintiff failed to mitigate his injuries.

V. To the extent Plaintiff was injured, which is expressly denied, Plaintiff's relief should be subject to offset.

Dated: July 29, 2026

Respectfully Submitted,

**MARTIN GOLDEN LYONS WATTS MORGAN PLLC**

*Attorneys for Defendant*

By: /s/ PATRICK A. WATTS
Patrick A. Watts, Ill. Bar No. 6302112
150 S. Wacker Dr., Ste. 2400
Chicago, IL 60606
pwatts@mgl.law
P: (312) 741-0990
F: (888) 632-6937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's e-filing system upon all parties of record on July 29, 2026.

**By: /s/ PATRICK A. WATTS**